## STATE COURT OF APPEALS
### No. 353
### PECK v. PANCOAST et al

Ohio Appeals, 9th Dist., Summit County
No. 766. Decided Jan. 7, 1924
Epitomized Opinion

This was an action for rescission of a contract. The plaintiff, Peck, purchased from one Jenny Pancoast a lot in Akron. The defendant, through her agent, represented that the lot was on the corner of Burton and Bloomfield avenues. Later notice was served on the plaintiff that a narrow strip of land existed between plaintiff's lot and the corner of Bloomfield avenue. Plaintiff's deed did not describe the lot as being on the corner, but did describe the lot by metes and bounds. The plaintiff thereupon brought an action to rescind the contract and recover the money paid by him. The court rendered a judgment for plaintiff. Defendant appealed.

Upon the appeal the testimony of several surveyors was admitted, which showed conclusively that the lot in question was located on the corner of Bloomfield and Burton avenues. The only other question involved was whether there was a dedication of Bloomfield Avenue. The evidence disclosed that Bloomfield avenue had been paved and sidewalks laid out, that the adjoining land had been subdivided into lots, that the avenue and the land on both sides of the street had been platted and submitted to the city authorities for acceptance, but that this was never done. The evidence also showed that the original grantors intended such a dedication by certain recitals in the respective deeds. In dismissing the petition and in holding that there was a dedication, the Court of Appeals held:

1. In order to have a common law dedication all that is required is the assent of the owner to public use and the actual enjoyment by the public for such a length of time that the public accommodation and private right would be materially affected by a denial or interruption of the enjoyment.

2. From the language used in the deeds and all the other facts and circumstances surrounding the improvement of Bloomfield avenue and the alloting of the lands abutting it on both sides, the laying of sidewalks and the surveying for the street being along the line of the lot in question, it is perfectly clear that it was the intention of the persons making such im-

provements to dedicate it as and for a public street in Akron for the benefit of all abutting owners and the public, and that it had been so used by said abutting owners and the public, and although it may not have been accepted by the public authorities so as to charge them with the maintenance of the same, it has nevertheless been so accepted by the abutting owners and the public so as to confer upon them rights which, estopped the owners of the fee from interfering with its continued use by the abutting owners and the public.

Attorneys—Slabaugh, Young, Seiberling & Guinther, for Peck; W. J. Lamb, for Pancoast et al; all of Akron.